UNITED STATES BANKRUPTCY COURT
MIDDLE DISTRICT OF FLORIDA
ORLANDO DIVISION
www.flmb.uscourts.gov

| | |
|---|---|
| In re: )<br>)<br>ISLAND ONE, INC., et al., )<br>)<br>Debtor. )<br>)<br>)<br>)<br>)<br>)<br>)<br>_____ )<br>)<br>LARRY S. HYMAN, as TRUSTEE OF THE )<br>ISLAND ONE UNSECURED CREIDTOR )<br>TRUST, )<br>)<br>  Plaintiff, )<br>)<br>vs. )<br>)<br>KORSHAK AND ASSOCIATES, P.A., )<br>)<br>  Defendant. )<br>_____ ) | Case No.  6:10-bk-16177-KSJ<br>Chapter 11<br><br>Jointly Administered with Case Nos.:<br>6:10-bk-16179-KSJ;  6:10-bk-16180-KSJ; 6:10-bk-16182-KSJ; 6:10-bk-16183-KSJ; and 6:10-bk-16189-KSJ.<br><br><br><br><br><br>Adversary No. 6:12-ap-00156-KSJ |

**<u>MEMORANDUM OPINION DENYING TRUSTEE'S MOTION TO DISMISS</u>**

Larry S. Hyman, the Trustee of the Island One Unsecured Creditor Trust, filed a complaint to recover payments the Debtor made to the Defendant law firm during the year prior to the Debtor's bankruptcy, claiming these payments were preferential transfers under § 547 of the Bankruptcy Code.[1] This provision allows a trustee to avoid any transfer of an interest of the debtor in property –

(1) to or for the benefit of a creditor;
(2) for or on account of an antecedent debt owed by the debtor before such transfer was made;
(3) made while the debtor was insolvent;

---

[1] All references to the Bankruptcy Code shall be to 11 U.S.C. 101 *et. seq.*

 (4) made--
  (A) on or within 90 days before the date of the filing of the petition; or
  (B) between ninety days and one year before the date of the filing of the petition, if such creditor at the time of such transfer was an insider; and
 (5) that enables such creditor to receive more than such creditor would receive if--
  (A) the case were a case under chapter 7 of this title;
  (B) the transfer had not been made; and
  (C) such creditor received payment of such debt to the extent provided by the provisions of this title.

 The Defendant, Korshak and Associates, P.A., ("Korshak") received $291,000 in legal fees from the Debtor within one year of the Debtor's bankruptcy. Korshak apparently does not dispute that the fees received within 90 days of the Debtor's bankruptcy were preferential under § 547(b) because those payments were made by the Debtor to Korshak on account of antecedent debts owed, while the Debtor was insolvent, within 90 days of the Debtor's bankruptcy, and for which Korshak received more than it would have in a Chapter 7 liquidation. However, Korshak disagrees with the Debtor's characterization of Korshak as an "insider" such that, under § 547(b)(4)(B), all payments made to the firm between ninety days and one year before the Debtor filed its bankrputcy petition also are avoidable. Korshak has filed a motion to partially dismiss the Trustee's preference action as to these payments made after the 90 day window.[2]

 Bankruptcy trustees may use § 547 to avoid certain preferential transfers of an interest of a debtor in property to "prevent[] the debtor from favoring one creditor over others by transferring property shortly before filing for bankruptcy."[3] A transfer made within a limited time prior to a debtor's bankruptcy may be avoided if it "enables a creditor to receive more than the creditor would otherwise receive if, instead, the creditor were limited to his or her

---

[2] Doc. No. 9.
[3] *In re Egidi*, 571 F.3d 1156, 1159-60 (11th Cir. 2009) (citing *Begier v. IRS*, 496 U.S. 53, 58, 110 S. Ct. 2258, 2262-63, 110 L.Ed.2d 46 (1990)) (stating "Equality of distribution among creditors is a central policy of the Bankruptcy Code.").

share of a distribution resulting from a Chapter 7 liquidation."[4]  The general theory is that "creditors of equal priority should receive an equal distribution of a debtor's property."[5]  In preference actions, the trustee bears the burden of proving all elements of § 547 before he or she can avoid a transfer.[6]

The sole issue in this case is whether the Trustee has met his burden of alleging that Korshak is an "insider" so that he may avoid all the payments made by the Debtor to Korshak within one year of the Debtor's bankruptcy.[7]  Bankruptcy Code § 101(31)(B) provides the following list of parties the Court deems insiders of a corporation:

(i) Director of the debtor;
(ii) Officer of the debtor;
(iii) Person in control of the debtor;
(iv) Partnership in which the debtor is a general partner;
(v) General partner of the debtor; or
(vi) Relative of a general partner, director, officer, or person in control of the debtor.

These enumerated parties are generally referred to as "statutory" insiders.  Both the Debtor and Korshak appear to agree that Korshak is not specifically identified in this list as a statutory insider.

The list is not exhaustive,[8] however, and insider status extend to on any person or entity whose relationship with the debtor "is sufficiently close so as to subject the relationship to careful scrutiny."[9]  This more nebulous "non-statutory" insider status generally refers to an entity whose close relationship with the debtor suggests that a transaction between a debtor and

---

[4] *In re Broumas*, 135 F.3d 769 at *3 (4th Cir. 1998).
[5] *Id.*
[6] *In re Egidi* at 1160 (citing *Warsco v. Preferred Technical Group,* 258 F.3d 557, 564 (7th Cir.2001)).
[7] Defendant does not argue the payments were contemporaneous exchanges for value or that they were made in the ordinary course of business under 11 U.S.C. § 547(c)(1) and (2).
[8] *In re Arana*, 387 B.R. 868, 869-70 (Bankr. M.D. Fla. 2008) (citing *Walsh v. Dutil (In re Demko),* 264 B.R. 404, 408 (Bankr. W.D. Pa. 2001) and *Barnhill v. Vaudreuil (In re Busconi),* 177 B.R. 153, 158 (Bankr. D. Mass. 1995)).
[9] *Butler v. David Shaw, Inc.,* 72 F.3d 437, 443 (4th Cir. 1996) (quoting *Hunter v. Babcock,* 70 B.R. 662, 666 (Bankr. N.D. Ohio 1986)).

creditor may not have been made at arm's length.[10] A non-statutory insider status must be determined by a factual inquiry into the Debtor's relationship with the alleged insider.[11] The determination is fact-intensive and must be made on a case-by-case basis.

In reviewing a motion to dismiss a complaint under Federal Rule of Civil Procedure 12(b)(6), courts must accept the factual allegations of the complaint as true and construe them in the light most favorable to the plaintiff.[12] Dismissal is appropriate only if the plaintiff "can prove no set of facts that would support the claims in the complaint."[13] Claims brought pursuant to § 547 are subject to the notice pleading standard of Rule 8(a)(2), made applicable by Rule 7008 of the Federal Rules of Bankruptcy Procedure, which merely requires a short and plain statement of the claim showing that a plaintiff is entitled to relief.[14]

The Trustee claims the Defendant is an insider and all the payments made by the Debtor to Korshak within a year of debtor's bankruptcy are avoidable because (1) the statement of financial affairs executed by the Debtor's Chief Executive Officer identified the Defendant as an insider;[15] (2) the Debtor and Korshak shared office space in Orlando, FL; (3) Stephen D. Korshak, the sole manager of Korshak, is the registered agent of the Debtor; and (4) Mr. Korshak holds a 6.04% equity interest in the Debtor.[16]

Korshak does not deny any of these assertions but argues the Trustee has failed to meet its pleading standard because these facts alone are not determinative of Korshak's close relationship with the Debtor that would brand it a non-statutory insider.[17] Additionally, Korshak argues the Trustee's preference allegation is fatally flawed because it was made

---

[10] *In re Florida Fund of Coral Gables, Ltd.,* 144 F. App'x 72, 75 (11th Cir. 2005) (citing 2 Lawrence P. King, et al. *Collier on Bankruptcy* ¶ 101.31 at 101-99 (Revised 15th ed.1996)); *In re Moskowitz,* 2011 WL 6176210 (Bankr. N.D. Ga. 2011).
[11] *See, e.g., Browning Interests v. Allison,* 955 F.2d 1008, 1011 (5th Cir. 1992); *In re DBSI, Inc.,* 445 B.R. 344, 348 (Bankr. D. Del. 2011).
[12] *Financial Security Assur., Inc. v. Stephens, Inc.,* 450 F.3d 1257, 1262 (11th Cir. 2006).
[13] *Davila v. Delta Air Lines, Inc.,* 326 F.3d 1183, 1185 (11th Cir. 2003).
[14] *In re Taylor, Bean & Whitaker Mortg. Corp.,* 470 B.R. 219, 221 (Bankr. M.D. Fla. 2012)(citations omitted).
[15] Case No. 6:10-bk-16177-KSJ Doc. No. 91.
[16] Doc. No. 12 at 2-3.
[17] Doc. No. 9.

against Korshak, not Stephen D. Korshak, the Defendant's sole managing member, and the Trustee has made no allegation that the Defendant law firm ever held any interest or control in the Debtor itself.[18]

Several courts have analyzed the relationship between a debtor and an attorney to determine whether "insider" status should be conferred on an attorney who received a transfer from a debtor in the one year preference period in § 547(b)(4)(B). Courts are in firm agreement that the mere fact that a defendant attorney and a debtor had an attorney-client relationship is not dispositive in finding that a defendant attorney is an insider status.[19] In the Eleventh Circuit, the question should be answered by considering (1) the closeness of the relationship between the transferee and the debtor, and (2) whether the transaction between the parties was conducted at arm's length.[20] The determination is based on whether there is a high degree of control between the parties, such that the relationship "transcended normal attorney-client boundaries."[21] There must be enough influence or control over a debtor to improperly influence the transfers in dispute.[22]

In arguing that it is not an insider, Korshak cites *Arana*, where this Court declined to impose insider status on an attorney because "there [was] no indication . . . that the Defendant attorney had any relationship with the Debtor other than one of attorney and client."[23] In that case, the defendant law firm advanced litigation costs and living expenses to the debtor during the pendency of a personal injury lawsuit and, within a year of the debtor's bankruptcy, the debtor repaid the advances from his settlement proceeds. The Court found the relationship was

---

[18] Doc. No. 9 at 7.
[19] *In re Durkay (Durkay v. Sagen),* 9 B.R. 58, 61 (Bankr. N.D. Ohio 1981); *In re Arana*, 387 B.R. at 870; *Glassman v. Heimbach, Spitko & Heckman (In re Spitko),* 2007 WL 1720242 (Bankr. E.D. Pa. June 11, 2007).
[20] *In re Florida Fund of Coral Gables, Ltd.*, 144 F. App'x at 75, (citing *In re Holloway,* 955 F.2d 1008, 1101 (5th Cir. 1992)).
[21] *In re Arana*, 387 B.R. at 870. See also *In re Durkay*, 9 B.R. at 61; *Kepler v. Schmalbach (In re Lemanski)*, 56 B.R. 981, 983 (Bankr. W.D. Wis. 1986).
[22] *In re Sullivan Haas Coyle, Inc.,* 208 B.R. 245 (Bankr. N.D. Ga. 1997).
[23] *In re Arana*, 387 B.R. at 870.

"simply an attorney-client relationship without any other facts involved."[24]  Other courts similarly have found no insider status between attorneys and debtor clients, even where attorney-client relationships go on for years and even where attorneys have intimate access to a debtor's affairs, because no deeper relationship of control existed.[25]  As one court stated it, "[I]t is unlikely that Congress intended that complex business relationships existing over a period of time, attended by some personal involvement but without control over the debtor's business, would subject such creditor to insider status."[26]

This outcome is distinguishable from the present case, however, because there was no indication in any of those cases of an ongoing relationship between the debtor and attorney outside the normal confines of an attorney-client relationship.  In this case, however, traces of evidence exist that cloud the waters and point to the possibility of a more in-depth relationship between the parties.[27]  For example, akin to *Broumas*, in which the court found an insider relationship, Korshak shares an office space with the Debtor, and the parties have had a longstanding landlord-tenant relationship.  Additionally Mr. Korshak, the sole manager of Korshak and Associates, P.A., has an equity interest in the Debtor. Without additional inquiry, the Court cannot find that Mr. Korshak's interest in the Debtor is so small and non-controlling that it escapes insider status. And, although not dispositive, the sworn statements made by the Debtor's CEO in the Debtor's Statement of Financial Affairs indicate that Korshak was an insider of the Debtor.

---

[24] *Id.*

[25] *See In re Durkay*, 9 B.R. at 60-62 (finding no insider status even though the debtor and attorney defendant had a 25-year relationship); *In re Sullivan Haas Coyle, Inc.*, 208 B.R. 239 (finding no insider status even though the debtor and the defendant consultant had a two-year relationship, defendant had access to debtor's intimate financial information, and the defendant even deposited funds into the debtor's account to cover checks, because the defendant was not "in control" of the debtor); *Matter of Lemanski*, 56 B.R. at 983 (noting the "evidence showed that while [the attorney defendant] has represented the debtors on several occasions over the last ten years or so, it did not exercise the requisite 'high degree of influence or control' necessary for insider status. Nothing in the facts established at trial showed anything more than a history of "arms-length" dealing between [the defendant] and the debtors.").

[26] *In re Friedman*, 126 B.R. 63, 70 (B.A.P. 9th Cir. 1991).

[27] *See In re Broumas*, 135 F.3d 769 at *8 (finding the evidence presented established that the attorney and the debtor had a sufficiently close relationship to subject it to closer scrutiny, where, in part, "at various times over a period of fifteen years [the debtor and his attorney] have been creditor and debtor, principal and agent, joint venturers, attorney and client, landlord and tenant, and close friends.").

      Thus, the Court finds that the Trustee has alleged sufficient facts, if true, that establish at least the mere possibility that Korshak and the Debtor had a sufficiently close relationship such that additional factual inquiry is needed to decide whether Korshak was a non-statutory insider of the Debtor at the time of the transfers. Korshak's Motion to Dismiss is denied. A separate order consistent with this memorandum opinion shall be entered.

      DONE AND ORDERED in Orlando, Florida, on January 29, 2013.

KAREN S. JENNEMANN
Chief United States Bankruptcy Judge